UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL W. ZACEK, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:13-cv-1226-TWP-DKL |
| KEITH BUTTS. | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

ABefore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.@ *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

In this case, the procedural inquiry is conclusive as to the proper outcome. The habeas petition and the expanded record show that the petitioner currently has an action for habeas corpus relief pending in the Indiana state courts. The pendency of such action shows that the habeas filing in this court was premature. The action must therefore be dismissed without prejudice.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Zacek has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 06/23/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Zacek
7512 Harold Ave
Gary, IN 46403

henry.flores@atg.in.gov